IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. 1:CV-12-0790 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN MONICA RECTENWALD, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 27, 2012, Petitioner Raphael Dwight Hundley, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached numerous exhibits, labeled A-1 to E-7, to his habeas petition. Petitioner paid the filing fee. (Doc. 4). Petitioner's habeas petition consists of nine typed pages. (Doc. 1). Named as Respondent in this habeas petition is FCI-Allenwood Warden Monica Rectenwald.[1] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S.

---

[1] Since this action is a §2241 habeas petition, and since Petitioner is presently confined at FCI-Allenwood, the Warden at this prison is the proper Respondent. *See* 28 U.S.C. § 2242 and § 2243. Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

District Courts, 28 U.S.C. foll. § 2254. *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

It is not clear if Petitioner exhausted all his administrative remedies with respect to his present claims.

## II. Habeas Claims.

Petitioner states that he is currently serving his 240-month prison sentence at FCI-Allenwood which was imposed by the United States District Court for the Western District of Pennsylvania on January 14, 1994.  Petitioner states that after his transfer to FCI-Allenwood on July 11, 1995, the prison Unit Team had his December 30, 2012 statutory release date reviewed and his date was modified to reflect that his mandatory release date eligibility was March 10, 2012. (Doc. 1, p. 2).

In his habeas petition, Petitioner Hundley raises two claims.  While his claims are difficult to comprehend, we construe Petitioner as first claiming that the Bureau of Prisons ("BOP") has miscalculated his sentence and improperly continues to reflect his statutory release date as December 30, 2012. Petitioner also claims that the BOP intentionally removed the reference from his records that he completed the 40-hour drug program in order to deny him credit for Superior Programming Achievement early release.  Thus, Petitioner contends that his present continued confinement at FCI-Allenwood is illegal.

Petitioner's second claim is that the BOP has been medically negligent with respect to the treatment for several of his impairments, including his left hand and arm condition and, the MRSA

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

infection he contracted at FCI-Allenwood in July 2011. (*Id.*, pp. 6-7). Petitioner states that his second habeas claim is brought under the Federal Tort Claims Act ("FTCA"). Petitioner further claims that the BOP's "medically negligent 17 year delay" in treating him for his conditions caused him to suffer from a combination of impairments which rendered him disabled and precluded from returning to his past work as a barber and "bassist" and, prevent him from performing prison work assignments.[3]

**III. Discussion.**

As mentioned, a habeas petition may be summarily dismissed before it is served on Respondent for a response "when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself ... ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147 (1970).

To the extent that an inmate is challenging the fact or length of his incarceration, as well as the legality of his present confinement, these are habeas claims. However, a federal inmate who is challenging the conditions of his confinement as unconstitutional must assert these claims in a civil rights action pursuant to 28 U.S.C. §1331. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

---

[3]As discussed below, we will recommend that Petitioner's second habeas claim be dismissed without prejudice to file a separate action under the FTCA after he exhausts his administrative remedies with the BOP.

Thus, Petitioner Hundley's contention that the BOP miscalculated his mandatory release date from prison and his challenge to the legality of his present confinement in FCI-Allewnood, *i.e.* First Cause of Action, are habeas claims and they should be allowed to proceed.  However, insofar as Petitioner is asserting negligent medical treatment claims against the BOP under the FTCA, *i.e.* Second Cause of Action, these are not proper habeas claims and should be dismissed without prejudice to allow Petitioner to file a separate action against the United States after he exhausts his administrative remedies with the BOP.

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Thus, to the extent Petitioner is challenging the duration of his confinement at FCI-Allenwood and, the execution of his sentence as well as the legality of his present confinement these claims can be brought *via* a §2241 habeas petition, and we will recommend that these claims be allowed to proceed.  *See Preiser v. Rodriguez*, 411 U.S. at 484, 487; *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005).

Petitioner's medical negligence claims against the BOP under the FTCA are not cognizable under §2241 since his is not challenging the legality or duration of his confinement, or the execution of his sentence. *See Preiser v. Rodriguez*, 411 U.S. at 484, 487.  We find that Petitioner's habeas claims for medical negligence under the FTCA must be brought in a separate  civil action

4

after Petitioner exhausts his administrative remedies with the BOP. Petitioner must name the United States as the Defendant with respect to his negligence claims against the BOP under the FTCA, 28 U.S.C. §2675, *et seq*. Additionally, Plaintiff cannot assert any of his negligence claims against individuals employed by the BOP and he must assert all of his negligence claims against only the United States through the FTCA. *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *Id.* The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a). According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, a Plaintiff may not sue the United States under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*[4]

   Therefore, we will recommend that, to the extent that Petitioner Hundley raises claims for medical negligence under the FTCA (Second Cause of Action), they be dismissed without prejudice to allow the Petitioner to file them separately in a civil action after he completes exhaustion.

---

[4]Petitioner does not indicate if he exhausted his administrative remedies by filing a tort claim with the BOP as required under the FTCA.

**V. Recommendation.**

Based on the above, it is respectfully recommended that the Petitioner Hundley's claims for medical negligence under the FTCA (Second Cause of Action) be dismissed without prejudice. Further, it is recommended that Petitioner's habeas claims (First Cause of Action) be remanded to the undersigned for further proceedings, including directing service of Petitioner's habeas petition on the Respondent.

                                       s/ Thomas M. Blewitt  
                                       **THOMAS M. BLEWITT**  
                                       **United States Magistrate Judge**

**Dated: May 15, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. 1:CV-12-0790 |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN MONICA RECTENWALD, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 15, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                 s/ Thomas M. Blewitt  
                                 **THOMAS M. BLEWITT**  
                                 **United States Magistrate Judge**

**Dated: May 15,  2012**