IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. 1:CV-12-0790 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN MONICA RECTENWALD, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 27, 2012, Petitioner Raphael Dwight Hundley, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached numerous exhibits, labeled A-1 to E-7, to his habeas petition. Petitioner's habeas petition consists of nine typed pages. (Doc. 1). Named as Respondent in this habeas petition is FCI-Allenwood Warden Monica Rectenwald.[1] On May 7, 2012, Petitioner paid the filing fee. (Doc. 4). On January 2, 2013, Petitioner filed an "Emergency Motion for Relief Pending Review" which we will also address in this Report. (Doc. 23).

[1]Since this action is a §2241 habeas petition, and since Petitioner is presently confined at FCI-Allenwood, the Warden at this prison is the proper Respondent. *See* 28 U.S.C. § 2242 and § 2243. Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

## II. Habeas Claims.

Petitioner states that he is currently serving his 240-month prison sentence at FCI-Allenwood which was imposed by the United States District Court for the Western District of Pennsylvania on January 14, 1994. (Doc. 1). Petitioner states that after his transfer to FCI-Allenwood on July 11, 1995, the prison Unit Team had his December 30, 2012 statutory release date reviewed and his date was modified to reflect that his mandatory release date eligibility was March 10, 2012. (*Id.*, p. 2). In his habeas petition, Petitioner raises two claims. While his claims are difficult to comprehend, we construe Petitioner as first claiming that the Bureau of Prisons ("BOP") has miscalculated his sentence and improperly continues to reflect his statutory release date as December 30, 2012. (*Id.*, pp. 6-7). Petitioner also claims that the BOP intentionally removed the reference from his records that he completed the 40-hour drug program in order to deny him credit for Superior Programming Achievement early release. Thus, Petitioner contends that his present continued confinement at FCI-Allenwood is illegal. (*Id.*).

Petitioner's second claim is that the BOP has been medically negligent with respect to the treatment for several of his impairments, including his left hand and arm condition and, the MRSA infection he contracted at FCI-Allenwood in July 2011. (*Id.*, pp. 6-7). Petitioner states that his second habeas claim is brought under the Federal Tort Claims Act ("FTCA"). On May 15, 2012, we issued a Report and Recommendation recommending Petitioner's medical negligence claim under the Federal Tort Claims Act ("FTCA") be dismissed without prejudice.[2] (Doc. 5). On

[2]We recommended that Petitioner's second habeas claim be dismissed without prejudice to file a separate action under the FTCA after he exhausts his administrative remedies with the BOP. Petitioner filed a separate action on March 22, 2013, *Hundley v. United States of*

September 18, 2012, the Court adopted the Report and Recommendation recommending the dismissal of Petitioner's medical negligence claim under the FTCA. (Doc.9). Thus, will only address Petitioner's first claim that the BOP has miscalculated his sentence and improperly continues to reflect his statutory release date as December 30, 2012 and that the BOP intentionally removed the reference from his records that he completed the 40-hour drug program in order to deny him credit for Superior Programming Achievement early release.

**III. Factual Background.**

On March 10, 1972, Petitioner was sentenced to nine years imprisonment for bank robbery. (Doc. 21, Ex. A). On June 3, 1975, the United States Parole Commission ("USPC") paroled him from his sentence and he was to remain under parole supervision until November 8, 1980. (*Id.*). On April 12, 1977, Petitioner was sentenced by the United States District Court for the Western District of Pennsylvania to twenty (20) years imprisonment for bank robbery. (*Id.*). The bank robbery offense constituted a violation of the conditions of the parole supervision on his 1972 sentence and the USPC issued a warrant charging him with a parole violation. (*Id.*). The USPC warrant was lodged as a detainer while Petitioner served the 1977 sentence. (*Id.*).

In 1981, the USPC conducted a combined initial parole hearing on the 1977 sentence and the revocation hearing regarding the parole violation on the 1972 sentence. (*Id.*). At the hearing, Petitioner waived parole consideration on the 1977 sentence and the USPC only disposed of the parole revocation issues. (*Id.*). The USPC ordered Petitioner's parole revoked, forfeited his credit for time spent on parole, and ordered that he serve to the expiration of the term. (*Id.*). On July 5,

---

*America*, 1:13-cv-00750.

1983, Petitioner was paroled from the 1977 sentence after serving eighty (80) months. (*Id.*). On August 19, 1983, Petitioner was released after release planning was completed. (*Id.*). Petitioner was to remain under parole supervision until November 2, 1996. (*Id.*).

On January 7, 1985, the USPC issued a warrant charging Petitioner with a parole violation. (*Id.*). On July 15, 1987, Petitioner was sentenced in the United States District Court for the Western District of New York to five (5) years imprisonment for possession of a firearm transported in interstate commerce and possession of cocaine. (*Id.*). The USPC's warrant remained lodged. (*Id.*). On June 22, 1989, the USPC conducted a dispositional revocation hearing. (*Id.*). The USPC revoked parole, forfeited Petitioner's credit for time spent on parole and ordered reparole on June 30, 1991. (*Id.*). Petitioner was paroled on June 30, 1991 and was to remain on parole until August 21, 2003. (*Id.*).

On January 23, 1993, Petitioner was arrested by the Pittsburgh Police Department for driving under the influence and firearms violations. (*Id.,* Ex. B). On January 24, 1993, Petitioner was released on bond. (*Id.*). On February 18, 1993, the USPC issued a warrant charging Petitioner with violations of the conditions of his parole. (*Id.*, Exs. A, B). On February 25, 1993, Petitioner was arrested at the Western Psychiatric Institute pursuant to the parole violation warrant. (*Id.*, Ex. B). While in the custody of the United States Marshal Service, Petitioner had a revocation hearing and his parole was revoked and he was ordered to serve time to the expiration of his sentence. (*Id.*, Exs. A, B). Petitioner retained credit for the time he spent on parole. (*Id.*). On January 14, 1994, the National Appeals Board affirmed the USPC's decision. (*Id.*, Ex. A). The BOP computed Petitioner's parole violation term to a ten (10) year, five (5) months and twenty-eight (28) day term

of imprisonment (3,830 days). (*Id.*, Ex. B).

On April 8, 1994, Petitioner was sentenced by the United States District Court for the Western District of Pennsylvania to a twenty (20) year Sentencing Parole Act ("SRA") non-parolable sentence for possession of a firearm by a convicted felon. (*Id.*, Ex. B). The date of the arrest was January 23, 1993, the same date Petitioner was arrested by the Pittsburgh Police Department. (*Id.*).

On September 21, 1999, the USPC conducted a mandatory statutory interim hearing in which it ordered no change in the expiration of the sentence. (*Id.*, Ex. A). Petitioner's parole violator term of imprisonment began running on February 25, 1993, the day that Petitioner was arrested on the USPC's warrant. (*Id.*, Ex. B). On March 5, 2000, the sentence was satisfied as the mandatory release date with 1,264 days remaining. (*Id.*). The expiration of the full term date was August 21, 2003. (*Id.*). Petitioner is currently serving the twenty (20) year sentence imposed on April 8, 1994. (*Id.*). The sentence began to run on March 5, 2000, the day that Petitioner's parole violation term ended. (*Id.*). Petitioner's projected release date with good conduct time is September 10, 2017. (*Id.*).

In February 2012, Petitioner sent a letter to the USPC requesting that it reopen his case. (*Id.*, Ex. A). On March 21, 2012, the USPC responded by informing Petitioner that his case expired on August 21, 2003, therefore, the USPC could not take any action on his case. (*Id.*).

**IV. Discussion.**

Petitioner is challenging the duration of his confinement at FCI-Allenwood and the execution of his sentence as well as the legality of his present confinement. Thus, these claims can be brought *via* a §2241 habeas petition. Therefore, we will address these claims herein.

*See Preiser v. Rodriguez*, 411 U.S. at 484, 487; *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005). In the first part of Petitioner's claim, Petitioner is claiming that the BOP has miscalculated his sentence and improperly continues to reflect his statutory release date as December 30, 2012. (Doc 1, pp. 6-7). Respondent concedes that Petitioner exhausted his administrative remedies in the BOP three-level administrative remedy process regarding the computation of his federal sentence in June 2002 when the Central Office denied his request to correct his release date. (Doc. 21, p. 9). Respondent further contends that Petitioner waited almost ten years after the decision to file his present habeas action. (*Id.*). Respondent argues that Petitioner's parole violation falls under the jurisdiction and discretion of the USPC and the release dates under both the parole violation term and the twenty (20) year Western District of Pennsylvania term have been correctly computed by the BOP. (*Id.*, pp. 9-10). We agree and find that Petitioner's claim should be dismissed.

The determination of eligibility for parole has been committed by Congress to the discretion of the USPC. *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Campbell v. United States Parole Commission*, 704 F.2d 106 (3d Cir. 1983). Because the Constitution itself does not create any liberty interest in parole, such an interest to prove a due process violation must emanate from state law. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The function of judicial review of a Commission decision on a petition for writ of habeas corpus is to determine whether the Commission abused its discretion. *See Butler v. United States Parole Commission*, 570 F.Supp. 67 (M.D. Pa. 1983). The Court is not empowered to substitute its judgment for that of the Commission in evaluating a

habeas petitioner's claims unless the Commission's exercise of discretion represents an egregious departure from rational decision-making. *Id*.

Thus, we find that Petitioner's claim should be dismissed, since Petitioner had no liberty interest in parole under a state statute and regulations. *Greenholtz, supra*. Nor does Petitioner state any viable cause of action or claim with respect to the abuse of discretion by the USPC in the determination by the BOP of the projected release date of September 10, 2017 based on the Petitioner's twenty (20) year sentence beginning to run on March 5, 2000, the day that Petitioner's parole violation term ended. The parole violation term was satisfied on March 5, 2000. (Doc. 21, Ex. B). The twenty (20) year term of imprisonment imposed by the Western District of Pennsylvania began on March 5, 2000. (*Id*.). Thus, the determination was made that September 10, 2017 is the projected release date via good conduct time. (*Id*.). The sentencing court in the Western District of Pennsylvania was silent as to any other sentence including the parole violation, therefore the BOP computed the sentence as consecutive to the parole violation. (*Id*.). No evidence in the record supports Petitioner's assertion that the sentence has not been computed properly by the BOP after the completion of his parole violation term of the USPC. Therefore, Petitioner's claim should be dismissed.

Petitioner also claims that the BOP intentionally removed the reference from his records that he completed the 40-hour drug program in order to deny him credit for Superior Programming Achievement early release. We agree with Respondent that Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claim in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Petitioner does not indicate why

he did not exhaust his administrative remedies with respect to the stated claim. (Doc. 1).

Respondent indicated in her Response that on November 14, 2012, BOP staff conducted a review of the administrative remedy records to determine if Petitioner exhausted his administrative remedies regarding the 40-hour drug program being removed from his record. (Doc. 21, Ex. C). The review revealed that Petitioner filed eighteen (18) administrative reviews since 1994. (*Id.*). Respondent does not maintain hard copies of the administrative remedies after three (3) years, however, the BOP Administrative Remedy Generalized Retrieval Report indicates that Petitioner did not file any administrative remedies regarding the removal of the stated record from his file. (*Id.*).

Thus, we concur with Respondent that Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and he has not completed the exhaustion requirements. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Because we construe Petitioner's instant claims as challenging the BOP 's computation of sentence regarding his "Superior Program Achievement" toward his sentence, we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Court requires exhaustion for the following reasons: "(1) allowing appropriate agency to

develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§ 542.10-542.19. An inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution is unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *Id*. An inmate has twenty calendar days from the date of the alleged injury to complete this informal resolution process, he or she may then appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and General Counsel of the BOP. *See* §542.15. The appeal to the BOP General Counsel is the final administrative appeal. *Id.*

Respondent has submitted evidence to show that Petitioner has failed to exhaust his administrative remedies with the BOP. (Doc. 21, Ex. C). As discussed, Petitioner does not address the fact that he failed to exhaust his administrative remedies with the BOP regarding the drug program. (Doc. 1). Accordingly, we will recommend that Petitioner's claim regarding the 40-hour drug program be dismissed for failure to exhaust his administrative remedies.

Petitioner filed an Emergency Motion for Relief Pending Review. **(Doc. 23)**. Petitioner asks that the Court "enact BOP interim rule for Reduction of Sentence for Medical Reasons, 71 Fed.

Reg. 76619-01 (Dec. 21, 2006) in conjunction with 18 U.S.S.G. §1B1.13" based on Petitioner's imminent death from Hepatitis C." We will recommend that the Court deny Petitioner's Doc. 23 Motion without prejudice based upon the fact that Petitioner needs to address the reduction of sentence issue with the BOP and, exhaust his administrative remedies through the BOP procedures as discussed above and set forth in 28 C.F.R. §§ 542.10-542.19.

**V. Recommendation.**

Based on the above, it is respectfully recommended that the Petitioner's Habeas Petition be denied. **(Doc. 1).** It is further recommended that Petitioner's Emergency Motion Pending Review be dismissed without prejudice. **(Doc. 23).**

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 22, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAPHAEL DWIGHT HUNDLEY, | : | CIVIL ACTION NO. 1:CV-12-0790 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN MONICA RECTENWALD, | : | |
| | : | |
| Respondent | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 22, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 22, 2013**